## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

KRISTINE NIMMER, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

vs.

LIFE LINE BILLING SYSTEMS, LLC, d/b/a LIFEQUEST SERVICES,

        Defendant.

Case No.: 16-cv-47

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, Chapters 421-427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Kristine Nimmer is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her, debts allegedly incurred for personal, family or household purposes.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that she engaged in a consumer transaction.

6. Defendant Life Line Billing Systems, LLC ("LifeQuest") is a Delaware limited liability company with its principal place of business located at N2930 State Road 22, Wautoma, WI 54982. It does business under the fictitious or trade name "LifeQuest Services."

7. LifeQuest is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. LifeQuest is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. LifeQuest is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

9. Plaintiff allegedly entered into a consumer transaction with "CITY OF WEST ALLIS MVA."

10. On or about October 30, 2015, LifeQuest mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "CITY OF WEST ALLIS MVA." A copy of the letter is attached to this complaint as Exhibit A.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Exhibit A states the following:

> Call 1-877-663-3729, ext. 500
> Monday – Thursday: 8:00 a.m. – 9:00 p.m.
> Friday: 8:00 a.m. – 5:30 p.m.
> Saturday: 8:00 a.m. – 12:00 p.m.
>
> | Original Creditor: | CITY OF WEST ALLIS MVA | |
> |---|---|---|
> | Interest: $0.00 | | Balance Due: $250.00 |

13. Exhibit A identifies the creditor as "CITY OF WEST ALLIS MVA."

2

14. The FDCPA requires debt collectors to provide certain information and notices to consumers within five days of the initial contact with the consumer:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (2) the name of the creditor to whom the debt is owed;

15 U.S.C. § 1692g(a)(2).

15. To satisfy § 1692g(a)(2), a debt collector may provide "the name under which [the creditor] usually transacts business, or a commonly-used acronym, or any name that it has used from the inception of the credit relation." *Blarek v. Encore Receivable Mgmt.*, No. 06-cv-420-WEC, 2007 U.S. Dist. LEXIS 22549 at *22 (E.D. Wis. Mar. 27, 2007).

16. However, "a particularly non-obvious acronym can on its face constitute a plainly confusing statement in violation of § 1692g(a)(2)." *Id.* at *23.

17. "CITY OF WEST ALLIS MVA" is not the name of any creditor.

18. "CITY OF WEST ALLIS MVA" is not a commonly used acronym for any creditor.

19. "CITY OF WEST ALLIS MVA" is not a business or trade name that any creditor has used from the inception of any business transaction with Plaintiff or any member of the class.

20. The unsophisticated consumer would have no idea who "CITY OF WEST ALLIS MVA" is or how to contact it.

21. LifeQuest's misrepresentation is a material false statement.

3

22. Even a more sophisticated consumer (or her attorney), who might understand that debts can be transferred, bought and sold, would not be able to determine who actually holds the debt from reading Exhibit A.

23. LifeQuest's misrepresentation is also a "false representation or deceptive means to collect or attempt to collect any debt," in violation of 15 U.S.C. § 1692e(10).

24. Exhibit A also threatens to collect "Interest."

25. Upon information and belief, Exhibit A falsely states or implies that LifeQuest has a right to collect interest on consumers' alleged debts.

26. Further, upon information and belief, neither Defendant nor "City of West Allis MVA" has any legal basis to add interest to the Plaintiff's and Class Members' alleged debts.

27. Although the amount of "Interest" in Exhibit A is $0.00, the unsophisticated consumer would believe that the letter implies that interest could be added to the debt in the future. *See, eg. Tylke v. Diversified Adjustment Serv.*, No. 14-cv-748; 2014 U.S. Dist. LEXIS 153281, *7 (E.D. Wis. Oct. 28, 2014) ("the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one.").

28. Upon information and belief, Exhibit A is threatening to collect prejudgment interest, despite the fact that no legal action has been initiated against the consumer.

29. A debt collector cannot collect prejudgment interest when that interest has not been awarded by a court or agreed to by contract. *Paige v. Waukesha Health Sys.*, No. 12-cv-601-CNC; 2013 U.S. Dist. LEXIS 96962, *18-20 ("Wisconsin cases suggest, as the Paiges argue, that absent a contractual agreement prejudgment interest cannot be automatically added by a creditor but instead must await a court judgment;"), *citing Estreen v. Bluhm*, 79 Wis. 2d 142, 156, 255 N.W.2d 473, 482 (1977); *Erickson by Wightman v. Gundersen*, 183 Wis. 2d 106, 123, n.8, 515

4

N.W.2d 293, 301, n.8 (Ct. App. 1994); *Beacon Bowl, Inc. v. Wis. Elec. Power Co.*, 176 Wis. 2d 740, 776-77, 501 N.W.2d 788, 802-03 (1993); *see also Veach v. Sheeks*, 316 F.3d 690, 692 (7th Cir. 2003); *contra Trease v. Tri-State Adjustments, Inc.*, 934 F. Supp. 2d 1016 (E.D. Wis. 2013).

30. The alleged debt in Exhibit A has not been reduced to judgment, and Plaintiff has never been sued to collect this alleged debt.

31. Plaintiff has never agreed to any contract, including one specifying a contractual amount or rate of interest, with an alleged creditor named "City of West Allis MVA" or Defendant.

32. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

34. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

35. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

36. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. 15 U.S.C. § 1692f(1) specifically prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

5

## COUNT I – FDCPA

38. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

39. Exhibit A identifies the creditor as "CITY OF WEST ALLIS MVA."

40. "CITY OF WEST ALLIS MVA" is not the name of any creditor.

41. "CITY OF WEST ALLIS MVA" does not disclose the actual identity of the creditor to the consumer.

42. The language in LifeQuest's letter is false, misleading and confusing to the unsophisticated consumer, in that the letter fails to state the name of the creditor. 15 U.S.C. § 1692g(a)(2).

43. The Defendant has therefore violated 15 U.S.C. §§ 1692g(a) and 1692g(a)(2).

## COUNT II – FDCPA

44. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

45. The language in LifeQuest's letter is false, misleading and confusing to the unsophisticated consumer, in that the letter fails to identify the current creditor. 15 U.S.C. § 1692g(a)(2).

46. Defendant's misstatement of the name of the creditor is a false representation or deceptive means to collect or attempt to collect any debt.

47. The Defendant has therefore violated 15 U.S.C. §§ 1692e and 1692e(10).

## COUNT III -- FDCPA

48. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

49. <u>Exhibit A</u>'s inclusion of "Interest," is a false, deceptive, and/or misleading representation to the unsophisticated consumer recipient. LifeQuest has no legal basis for collecting interest on Plaintiff's alleged debt.

50. The unsophisticated consumer would believe, or at a minimum would be confused, whether he may owe interest in the future for the alleged debt. There is no legitimate reason for the "Interest" field to be on the letter other than to make the consumer believe that the number will increase.

51. <u>Exhibit A</u> also falsely represents that Defendant is lawfully entitled to collect interest.

52. In fact, LifeQuest is not entitled to add prejudgment interest to the alleged debt because no legal action has been initiated against the consumer and Plaintiff did not enter into any agreement with a creditor named "City of West Allis MVA".

53. <u>Exhibit A</u> creates a false impression as to its authorization or approval for collecting interest.

54. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

## **COUNT IV – WCA**

55. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

56. <u>Exhibit A</u> claims, attempts, or threatens to enforce a right to interest, even though Defendant knew, or should have had reason to know, that no such right existed at the time the letter was sent.

7

57. Wis. Stat. § 427.104(1)(j) specifically prohibits a debt collector from "[c]laim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does not exist."

58. Wis. Stat. § 427.104(1)(L) also specifically prohibits a debt collector from "[t]hreaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

59. Defendant violated Wis. Stat. §§ 427.104(1)(j) and 427.104(1)(L).

## CLASS ALLEGATIONS

60. Plaintiff brings this action on behalf of two classes.

61. Class 1 consists of (a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter (c) stating that the creditor is "CITY OF WEST ALLIS MVA", (d) seeking to collect a debt for personal, family or household purposes, (e) on or after January 12, 2015, (f) that was not returned by the postal service. Class 1 will be referenced as the "Name of the Creditor Class".

62. Class 2 consists of a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Defendant that sought to collect alleged debts owed to "City of West Allis MVA", (c) seeking to collect a debt for personal, family or household purposes, (d) which threatens to include interest on the original debt, (e) and when the original debt had not been reduced to judgment, (f) on or after January 12, 2015, (g) that was not returned by the postal service. Class 2 will be referenced as the "Prejudgment Interest Class".

63. The Classes are so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

8

64. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and/or the WCA.

65. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

66. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

67. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

68. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 12, 2016

                           **ADEMI & O'REILLY, LLP**

               By:   /s/ John D. Blythin
                      Shpetim Ademi (SBN 1026973)
                      John D. Blythin (SBN 1046105)
                      Mark A. Eldridge (SBN 1089944)
                      Denise L. Morris (SBN 1097911)

9

Case 2:16-cv-00047-JPS   Filed 01/12/16   Page 9 of 10   Document 1

3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com